IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HUNTER FAN COMPANY,

          Plaintiff,

v.

LUMINEX INTERNATIONAL CO., LTD.,

          Defendant.

ORDER

18-cv-344-wmc

The court held an in-person hearing on November 15, 2019, and continued the hearing telephonically on November 18, 2019, on plaintiff Hunter Fan Company's motion to strike portions of defendant Luminex International Co., Ltd.'s expert Paul Hatch's report. (Dkt. #42.) As the court explained on the record, the court will not strike those portions of Hatch's report addressing claims construction on the basis that it should have been filed by the proponent, rather than respondent, deadline, not only because the burden on claims construction is neutral, but also because it is not possible to categorically label an opinion as only being relevant to invalidity (on which defendant bears the burden of proof) as opposed to claims construction. The court instead generally based its rulings on: (1) whether defendant had previously disclosed Hatch's theories in defendant's claims construction chart (dkt. #46-2), invalidity contentions (dkt. #44-6), or responses to interrogatories (dkt. #44-10); *or* (2) whether Hatch's opinions could be fairly viewed as a response to one of plaintiff's expert's opinions on a topic defendant could not have reasonably anticipated. For the reasons provided during the hearing, therefore, the court will grant plaintiff's motion in part by striking the paragraphs (or portions of paragraphs) set forth below. The court also will reserve ruling on the admissibility of Hatch's opinions

related to noise control as a design or functional feature pending future briefing. All other portions of the motion to strike will be denied as set forth below.

Finally, in addition to moving to strike defendant's expert, plaintiff also filed a motion to amend the summary judgment briefing schedule (dkt. #68), which was subsequently replaced by a joint motion of the parties (dkt. #74). During the hearing on November 18, the court granted the latter motion.

ORDER

IT IS ORDERED that:

1) Plaintiff Hunter Fan Company's motion to strike portions of expert report by Paul Hatch (dkt. #42) is GRANTED IN PART in that the following paragraphs are STRUCK from Hatch's report: ¶¶ 104a, the word "taper" in 105, the word "four" in 106 and 107, and the words "curving and" in Figure 2 in 128.

2) Plaintiff's motion to strike is DENIED IN PART in that its objection to the following paragraphs are overruled:

   a) For purposes of considering claims construction, but reserving as to invalidity: ¶¶ 63-72, 74-75, 77-82, 97-103.

   b) For all purposes provided offered in rebuttals: ¶¶ 104b-104d, 105 (except the word "taper"), 106 (except replace the word "four" with "three"), 108-114, 122-127, 128 (except the words "curving and" in Figure 2), 129-130, and, by stipulation, 131-201.

3) Plaintiff's motion to strike is RESERVED as to those portions of ¶¶ 86-89 and 115-121 in the Hatch Report purporting to opine on noise control as a design or functional feature pending further briefing as follows:

   a) Defendant's brief is due November 20, 2019; and

   b) Plaintiff's response is due November 22, 2019.

4) Plaintiff's motion for extension of time regarding summary judgment deadlines (dkt. #68) is DENIED AS MOOT, and the parties' joint motion on summary judgment deadlines (dkt. #74) is GRANTED. Plaintiff's opposition to defendant's motion for summary judgment and its own motion for summary judgment is now due December 20, 2019; defendant's reply in support of its motion for summary judgment and opposition to plaintiff's is due January 21, 2019; and plaintiff's reply in support of its motion is due February 4, 2019.

Entered this 19th day of November, 2019.

                BY THE COURT:

                /s/
                _____
                WILLIAM M. CONLEY
                District Judge